GEORGIA HIGHWAY EXPRESS INCORPORATED *et al. v.* HARRISON, Comptroller-general.

ATKINSON, J. 1. The act approved August 29, 1929 (Ga. Laws 1929, pp. 58, 74), amending the general tax act of 1927, contains a paragraph 114, which in part is as follows: "There shall be collected by the comptroller-general from every auto transportation company, association,

or individual, as defined hereinafter, to which has been granted a certificate of public convenience and necessity, which it or they are hereby required to obtain from the Public-Service Commission of this State, permitting him, it, or them to engage in the transportation of . . freight, . . between fixed termini, an occupation tax on a mileage basis . . of three quarters (3/4) cent per mile on all trucks with a loaded capacity of less than 5,500 pounds, and a tax of two (2) cents per mile on all trucks with a loaded capacity of 5,500 pounds or more, coming within the terms of this act, for every mile traveled by the motor-vehicles of such auto transportation company, association, or individual, over the public highways of this State." The tax referred to in this part of the act is an occupation tax upon the right "to engage in" business, as therein specified, over the public highways of this State.

2. The act approved August 29, 1929, entitled: "An act to regulate the business of transporting for hire persons and property by motor-vehicles on the public highways of this State," etc. (Ga. Laws 1929, p. 293), called "motor-carrier act of 1929," contains sections 16, 17, and 19 in part as follows: "Sec. 16. A fee of thirty-five ($35.00) dollars shall be charged for the issue of every certificate of convenience and necessity, and a fee of seven and 50/100 ($7.50) dollars for the transfer of a certificate, which shall be paid to the Comptroller-general when the commission has approved the application for the certificate, of which approval the commission shall notify the Comptroller-general; and no certificate shall issue until the said fee of $35.00 has been paid." "Sec. 17. Every motor-carrier shall, as soon as a certificate is issued and annually on or before each succeeding January 1st as long as such certificate remains in force, make application to the commission for registration and license of all motor-vehicles to be operated under said certificate, and, upon payment of a fee of $25.00 dollars for each vehicle to the Comptroller-general, shall be entitled to register the same and receive a license therefor. The sum or sums derived herein from the issuance and transfer of certificates of convenience and necessity by the Comptroller-general shall be paid to the State treasurer, who shall keep such sums thus paid to him in a separate fund to be known as the motor-vehicle fund. From such funds thus derived the State treasurer shall, upon proper warrant from the Governor, pay all the expenses and salary of every character as due and provided herein. Such sum or sums as may be left after such salaries and supervisory expenses have been paid, as may remain unexpended on the first day of January each year, shall be paid to the State Highway Department for use in maintenance and repair of the highways, as in the discretion of the highway board may be directed." "Sec. 19. No county, municipal, or other political subdivision of this State shall impose any registration, license, or operating fee or tax of any kind on any motor carrier licensed under this act; and this shall be the only license or operating tax imposed upon any motor carrier by this State." *Held:*

(*a*) The fee of $35 to be paid to the comptroller-general for the issue of "a certificate of public convenience and necessity," as required by section 16, and the fee of $25 to be paid to the comptroller-general for

registering each vehicle, and issuing a license therefor, as required by section 17, constitute conditions precedent which must be complied with before the operators of buses can engage in the business of transporting passengers or property, or both, for hire over the public highways of this State; and do not constitute an occupation tax upon this business. *Inter-City Coach Lines Inc.* v. *Harrison*, 172 *Ga.* 390 (157 S. E. 673).

(b) The language, "and this shall be the only license or operating tax imposed upon any motor-carrier by this State," contained in section 19 of the motor-carrier act, refers to the license or operating tax imposed by sections 16 and 17 of the act, and is not an occupation tax upon this business.

(c) This part of the motor-carrier act of 1929 is not repugnant to the provision of the amendment to the general tax act referred to in the first division hereof.

3. That portion of paragraph 114 added to the general tax act of 1927 by the amendatory act of August 29, 1929, imposing the occupation tax therein provided, is not null and void for the reason that the language in said paragraph, "loaded capacity," has no meaning, and is too indefinite and unintelligible for the computation of this tax, nor for the reason that the language, "coming within the terms of this act," is without meaning for the reason that nowhere in the act is there anything which defines that expression. ATKINSON, J., concurs in this ruling; but, in so far as relates to indefiniteness of "loaded capacity," this concurrence is on authority of *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856). The case is distinguishable from United States *v.* Capitol Traction Co., 34 App. D. C. 592 (19 Ann. Cas. 68), referring to a criminal statute, as cited in Connally *v.* General Construction Co., 269 U. S. 385 (46 Sup. Ct. 126, 70 L. ed. 322).

4. Said paragraph 114 is not void and unconstitutional for the reason that it violates par. 8 of sec. 7 of art. 3 of the constitution of this State, which provides that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof. *Inter-City Coach Lines Inc.* v. *Harrison*, supra.

5. Said paragraph 114 is not unconstitutional and void for the reason that it violates par. 1 of sec. 2 of art. 7 of the constitution of this State, which provides that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

6. Said paragraph is not unconstitutional and void for the reason that it violates par. 2 of sec. 1 of art. 1 of the constitution of this State, which declares that "Protection to person and property is the paramount duty of government and shall be impartial and complete."

7. Said paragraph does not violate sec. 1 of the due-process clause of the constitution of the United States.

8. The tax imposed by said paragraph is not void for the reason that it is prohibitive and confiscatory, and deprives petitioners of their right to carry on a lawful business.

434

9. Applying the above rulings, the court did not err in refusing to grant a temporary injunction.

<em>Judgment affirmed. All the Justices concur.</em>

RUSSELL, C. J., concurs specially.

No. 7706. FEBRUARY 28, 1931.

*Martin, Martin, Snow & Gillen,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Troutman & Troutman, J. P. Wilhoit,* and *R. S. Sams,* for defendant.